(C.D. 2585)

CAPRI CREATIONS v. UNITED STATES

United States Customs Court, Third Division

(Decided November 1, 1965)

*Allerton deC. Tompkins* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Charles P. Deem*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges; DONLON, J., concurring

RICHARDSON, Judge: The merchandise of these protests consists of ceramic figures, described on the invoices as "Nodding head" ceramics, which, together with other merchandise, were imported at Philadelphia, Pa., from Japan, classified by the collector under 19 U.S.C.A., section 1001, paragraph 211 (paragraph 211, Tariff Act of 1930), as modified by T.D. 53865, supplemented by T.D. 53877, as earthenware articles which are not tableware, kitchenware, or table or kitchen utensils, other, valued per dozen under $3, and assessed with duty at the rates of 10 cents per dozen pieces and 25 per centum ad valorem.

It is the claim of the plaintiff-consignee that the collector erred in the assessment of duty under the specific rate in his determination that each of the "Nodding head" articles consist of three pieces, rather than one piece, as claimed. Defendant contends that the collector properly determined each "Nodding head" article to consist of three pieces. It was also claimed for the first time upon the trial that the collector erroneously assessed duty under the specific rate upon a "Noel Choir boy candle holder" (described in entry 9662 of protest 63/15827) as an article consisting of three pieces, rather than one piece, as claimed. Defendant accedes to the claim that the Noel choir boy candle holder was classified as a three-piece article and should be classified as one piece. There is no testimony and no concession by the Government that it erroneously classified the "Noel Choir boy candle holder" as "Nodding head earthenware," and the protest is only against the latter. Inasmuch as this Noel choir boy candle holder claim attempts to add new merchandise to the protest after the expiration of the statutory limitation for protesting classification of or rates of duty assessed against such additional merchandise, the claim cannot now be properly considered by the court. *Marshall Field & Co.* v. *United States*, 20 CCPA 225, T.D. 46037. The sole question before the court, therefore, is whether the "Nodding head" ceramics consist of one piece or a number of pieces.

Only one witness gave testimony on the question at issue. Mr. Theodore Lafair, partner and general manager of the plaintiff company, testified as to his experience in attempting to replace the heads of the "Nodding head" figures that had become detached. He stated that it was "practically impossible" to do so. He explained that the difficulty arose from the spring being bent or losing its tension. The witness further testified that the fact that the spring has only a one and a half turn "bite" creates a problem in reattaching the head. Mr.

Lafair also testified that the "Nodding head" figures are always sold as one unit, and that the individual pieces are never sold separately, having no utilitarian value by themselves.

Received in evidence as plaintiff's exhibit 1 was a sample of one of the seven varieties of the "Nodding head" ceramic figures imported herein, designated "BEST LOVER AWARD," and, as plaintiff's exhibit 2, a card depicting illustrations of each variety of figure in the series, to wit, "BEST BOSS AWARD," "BEST HUSBAND AWARD," "BEST WIFE AWARD," "BEST GOLFER AWARD," "GENIUS AWARD," "BEST LOVER AWARD," and "BEST BOWLER AWARD." One entry, namely, entry No. 28023 of protest 63/15827 covers importations of each of the seven varieties of "Nodding head" ceramic figures, and, with respect to figure No. 2 in the series, "BEST HUSBAND AWARD," the collector determined that this figure consists of four pieces (glasses, spring, head, body). The protest covering this entry does not appear to include this four-piece figure.

As disclosed in the report on protest, the collector's determination as to the number of pieces each "Nodding head" figure consists of is based on the holding of the court in the case of *United China & Glass Co.* v. *United States*, 40 Cust. Ct. 596, Abstract 62058. In that case, the merchandise consisted of decorated earthenware wall planters which were held, upon the stipulation of counsel, to be classifiable under paragraph 211 as entireties in chief value of decorated earthenware, not tableware, valued at over $3 per dozen. The court there overruled the claim that with respect to the specific duty rate of 10 cents per dozen pieces, such rate was not applicable to the pieces of wood in the articles. The court stated that since the merchandise is classifiable as an entirety in chief value of decorated earthenware, it is properly dutiable at both the specific and the ad valorem rates applicable to decorated earthenware and, that, therefore, each piece must be counted in assessing the rate of 10 cents per dozen pieces, even though one piece is composed of wood rather than of earthenware, following the holding of our appeals court in *United States* v. *S. H. Kress & Co. et al.*, 23 CCPA 90, T.D. 47764.

In *United States* v. *S. H. Kress & Co. et al.*, *supra*, to which our attention has also been drawn in the briefs of counsel, the merchandise consisted of a variety of decorated earthenware designed for table and household use and classifiable under paragraph 211. The controversy in that case involved the proper construction of the specific duty rate provision "10 cents per dozen pieces." Our appeals court there reviewed the legislative history of the paragraph and concluded that the proper construction of the paragraph and the one which was consistent with congressional purpose required each piece of an

earthenware article to be counted individually for specific duty rate purposes.

In the case of *Castelazo & Associates et al.* v. *United States*, 47 Cust. Ct. 137, C.D. 2293, which is also cited in the briefs of counsel, the merchandise consisted of a ceramic bee, composed of a body, cover, or wings, and an arrangement of wire legs into which the body was forced or fitted, and which was classified as tableware (container for honey) under paragraph 211. As against the importer's claim for assessment of the specific duty rate against the body and legs as one piece, the court held that the wire legs should be counted as a separate piece, the merchandise being in chief value of earthenware, citing, among other cases, the cases of *United States* v. *S. H. Kress & Co. et al., supra*, and *United China & Glass Co.* v. *United States, supra.*

Cases are cited in the brief of plaintiff's counsel which indicate that where the parts are attached together, they constitute one piece. Thus, in *T. D. Downing Co.* v. *United States*, 1 Cust. Ct. 352, Abstract 39064, salt and pepper shakers, attached together and classified as chinaware under paragraph 212 of the Tariff Act of 1930, were held to be assessable as one piece, as claimed, rather than as two pieces, as assessed. And, in *Sidney Adler & Co.* v. *United States*, 5 Cust. Ct. 261, Abstract 44002, merchandise, consisting of decorated earthenware flower pots with saucers attached and classifiable under paragraph 211, was held to be composed of only one piece of earthenware and properly dutiable at 10 cents per dozen pieces on that basis, rather than as two pieces, as assessed. However, the degree of attachment or permanence of attachment has not been pointed up in any of the cited cases.

The sample merchandise is itself most persuasive of the category into which the involved merchandise should be placed. It consists of three distinct parts—a body, head, and a metal spring. The earthenware body is decorated and glazed and assumes a sitting position, resting on an earthenware base, measuring approximately 4 inches long by 2 inches wide and ½ inch deep. The neck tapers to a cylindrical protrusion of about ½ inch in circumference and around which are spiraled indentations. The earthenware head is likewise decorated and glazed, measuring approximately 2 inches in circumference. In the hollow interior of the head, there is a tapered cylindrical protrusion from the top downward, slightly smaller in circumference than ½ inch and around which are also some spiraled indentations. The metal spring measures about 2 to 2¼ inches long and is wider at one end than at the other. The spring appears to be anchored in the spiraled indentations at the smaller end inside the head. The other and wider end of the spring fits over and into the spiraled indentations on the protruding neck of the body when screwed into place. When fully

assembled, the head is suspended on the spring so that it bobbles freely and creates a winking or blinking effect in the eyes of the head. Upon disassembling the head from the body, one experiences no difficulty in unscrewing the spring at the base of the neck, or in reassembling the head to the body by a reverse screwing action.

On the basis of our examination of the sample merchandise, we are of the opinion that, in terms of construction and handling of the component parts, the "Nodding head" ceramic figures before us are composed of severable parts. And since there is no claim that these figures are not composed of material in chief value of earthenware, the facts of the instant case parallel those in the *Castelazo & Associates* case, *supra*. Therefore, following the holding of the court in the *Castelazo & Associates* case, *supra*, and cases cited therein, we hold that, in the assessment of the specific duty rate of "10 cents per dozen pieces," the collector properly treated the head, body, metal spring, and, in some cases, eyeglasses, as separate pieces. The protests are overruled.

Judgment will be entered accordingly.

CONCURRING OPINION

Donlon, Judge: I add a comment to Judge Richardson's discussion of *United States* v. *S. H. Kress & Co. et al.*, 23 CCPA 90, T.D. 47764. In that decision, our appeals court reversed our court. *S. H. Kress & Co. et al.* v. *United States*, 66 Treas. Dec. 764, T.D. 47418.

In deciding *Kress*, this division, as then constituted, had relied on its own prior decision in *F. W. Woolworth Co.* v. *United States*, 63 Treas. Dec. 244, T.D. 46162 (appeal dismissed, *United States* v. *F. W. Woolworth Co.*, 66 Treas. Dec. 179, T.D. 47224), saying: "In the *Woolworth* case, *supra*, this court weighed the legislative history of both the earthenware and chinaware paragraphs and concluded therefrom that it was the intention of Congress that the count of pieces under the earthenware paragraph should be made on the basis of entireties, not separate pieces * * * we reach the same conclusion as in the *Woolworth* case, *supra*, * * *." *Kress*, *supra*, at pages 767–768.

Our appeals court, in *Kress*, repudiated the notion that under paragraph 211 the concepts of entireties and of pieces are synonymous.

That is essentially the argument plaintiff advances here. Thirty years after *Kress*, plaintiff, in a brief singularly lacking in citation of supporting precedents, contends "that an article composed of various pieces should be regarded for customs purposes as one piece * * * if they [the various pieces] are firmly attached in such a way as to become, as an entirety, an article of commerce." (Plaintiff's brief, p. 4.)

This seems clearly a case in which to invoke the principle of *stare decisis*.